UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>GREGORY ALLEN VAUGHAN,<br>　　　　Defendant. | Case No. 18-cr-00166-WHO-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 42 |

　　　　Defendant Gregory Allen Vaughan moved for compassionate release from FCI Lompoc pursuant to 18 U.S.C. § 3582(c)(1)(A) because he is of heightened risk of COVID-19 infection; he has smoked tobacco for more than thirty years, is obese, a borderline diabetic, has blood flow issues and is a cancer survivor. He is also fully vaccinated. I may grant his motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reasons that Mr. Vaughan gives, and the facts in his case, do not approach the "extraordinary and compelling" standard.

　　　　The phrase "extraordinary and compelling reasons" has been defined by the United States Sentencing Commission in the application notes to U.S.S.G. § 1B1.13. There are five circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate release.

　　　　The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. n.1(A)(ii).  A defendant's age can qualify as a third extraordinary and compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B).  Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C).  Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. § 1B1.13 cmt. n.1(D).

Assuming without deciding that Mr. Vaughan has the sort of medical conditions that put him at risk of COVID-19, he has been vaccinated.  That fact alone means that the pandemic is not a basis for him to show an extraordinary and compelling reason to justify release.  This conclusion is underscored by FCI Lompoc's current report that there are no active COVID-19 cases among inmates.  United States Opposition To Defendant's Motion for Compassionate Release From Custody, Dkt. No. 44 at 9.

The catch-all fifth provision also makes me consider the 18 U.S.C. § 3553(a) factors.  Two years ago, Vaughan self-surrendered to prison.  He has served 24 months of a 63-month sentence for five bank robberies he committed in San Mateo and Santa Clara counties in 2018.  That is less than 40% of the sentence I imposed, which itself was significantly less than requested by the government or recommended by probation.  I continue to believe that the sentence best serves the purposes of sentencing, and that a reduction of the type requested by the defendant is not warranted.  Mr. Vaughan's motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 17, 2021

William H. Orrick
United States District Judge

2